IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LANDON TAUNTON, Individually and on Behalf of All Others Similarly Situated, | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-844-ECM (WO) |
| v. | ) | |
| KORENS USA, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Landon Taunton brings this action against defendants Korens USA, Inc. ("Korens"), and One Solutions, LLC ("One Solutions") (collectively, "the Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiff alleges, on behalf of himself and others similarly situated, that the Defendants did not pay all overtime bonuses earned for work performed over forty hours per week. He seeks compensatory damages, liquidated damages, attorney's fees, and costs. The parties now jointly move this Court to conditionally certify the proposed collective action; to preliminarily approve their executed settlement agreement, proposed notice and consent forms, and the method of distribution; and to appoint Courtney Lowery and Sanford Law Firm, PLLC, as class counsel. For the reasons that follow, the Court will GRANT the parties' joint motion.

## II. JURISDICTION

The jurisdiction of the Court is properly invoked pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question). Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. DISCUSSION

The FLSA authorizes a worker seeking unpaid compensation to bring a so-called "collective action" on behalf of himself and "similarly situated" workers with similar claims. 29 U.S.C. § 216(b); *see also Hogan v. Allstate Beverage Co.*, 2012 WL 6027748, at *2 (M.D. Ala. Dec. 4, 2012). Unlike traditional class actions under Rule 23 of the Federal Rules of Civil Procedure (which bind all members of the class, regardless of whether they voluntarily opted to participate in the litigation),[1] the FLSA collective action is "opt-in." That is, workers are bound by the lawsuit's result only if they affirmatively decide to participate by submitting written consents to the court. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001).

The Eleventh Circuit recommends district courts consider § 216(b) certification in two stages. *See id.* at 1219. First, at the "notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Id.* at 1218

[1] *See, e.g.*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (holding class action judgments, "whether favorable or not, will bind all class members" who did not request to be excluded).

(quotations omitted). Second, the district court must make a factual determination of whether claimants that elect to opt-in "are similarly situated," which would then permit the "representative action to proceed to trial." *Id.* (quotations omitted). This action comes before the Court at the first step—the "notice stage"—which usually results in conditional certification of the collective, *see id.*, and preliminary approval of the settlement agreement, *see Autrey v. Harrigan Lumber Co.*, 2021 WL 6335337, at *2–5 (S.D. Ala. Dec. 20, 2021).

**A. Conditional Certification**

At the initial stage, "[t]he plaintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). A plaintiff meets this easy burden "by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* (quotations omitted). "[T]he district court should satisfy itself that there are other employees who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (alteration adopted) (quotations omitted).

Based on the complaint and the parties' presentation, there are five potential op-in plaintiffs, in addition to the named Plaintiff, who were welders employed at the Korens plant in the three-year period when they allegedly withheld overtime bonuses. At this stage, all members of the proposed collective action appear to be similarly situated to the named Plaintiff. The Court finds, therefore, that the potential plaintiffs satisfy the "fairly

lenient standard" to warrant "notice and the opportunity to 'opt-in'" at the first stage of § 216(b) certification. *See Hipp*, 252 F.3d at 1216. Accordingly, the motion for conditional certification of a collective action is GRANTED. The following class is conditionally certified:

> All hourly-paid welders who worked at the Korens plant and earned a performance bonus in connection with work performed in any week in which they worked more than forty hours between December 27, 2018, and December 27, 2021.

**B. Preliminary Approval of Settlement**

Courts in this Circuit have concluded that a proposed FLSA settlement may be preliminarily approved prior to the issuance of notice. *Autrey*, 2021 WL 6335337, at *2–5; *Mygrant v. Gulf Coast Rest. Grp., Inc.*, 2019 WL 4620367, at *2–3 (S.D. Ala. 2019). "Because the case will settle, if at all, only after final approval, and because by that time the opt-in process will be complete, the named plaintiffs will not exceed their authority by settling on behalf of non-parties." *Mygrant*, 2019 WL 4620367, at *3. To approve a proposed settlement, the Court must be satisfied that it represents "a fair and reasonable resulution [sic] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

**1. *Settlement Amount***

The settlement formula provides Plaintiff and potential opt-in plaintiffs with 100% of their damages, calculated from unpaid wages plus liquidated damages. The agreement itemizes the distribution to Plaintiff and the five potential opt-in plaintiffs according to this

formula. Based on the parties' presentation, the settlement amount appears to be fair and reasonable.

**2. *Attorney's Fees***

The settlement agreement calls for creation of a common fund of $10,710.26, out of which all claims and attorney's fees and costs will be paid. Of this fund, $2,210.27 is allocated to the settlement fund, out of which each plaintiff will receive an award equal to their maximum damages. The remainder of the common fund ($8,500.00) is allocated for reasonable attorney's fees and costs.

Under FLSA, courts must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Lynn's Food Stores*, 679 F.2d at 1352). Courts have indicated that judicial review of a fee award is "unnecessary when it is clear that no conflict of interest tainted the amount of the plaintiff's and opt-in plaintiffs' recovery and that the fee exerted no downward pressure on the class award." *Autrey*, 2021 WL 6335337, at *3; *Mygrant*, 2019 WL 4620367, at *4; *Williams v. Omainsky*, 2017 WL 390272, at *6 (S.D. Ala. Jan. 27, 2017). Attorney's fees do not taint the plaintiffs' recovery "when the question of attorney's fees is addressed and negotiated only after the parties have reached agreement on class recovery." *Autrey*, 2021 WL 6335337, at *3; *see also* *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[T]he best

way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

The parties represent that attorney's fees were negotiated as an amount separate from plaintiffs' recovery, which was calculated prior to settlement negotiations. As a result of these negotiations, the parties agreed on a recovery of 100% of Plaintiff's and opt-in plaintiffs' damages. In view of these negotiations and "the compensation that Plaintiffs will receive from the settlement after payment of attorney's fees pursuant to each settlement agreement," the Court concludes that the attorney's fees and costs are fair and reasonable. *Walker v. U.S. Title Loans, Inc.*, 2011 WL 1789976, at *1 (M.D. Ala. May 10, 2011).

**3. *Releases***

The settlement agreement contemplates that Plaintiff and opt-in plaintiffs will release the Defendants from "known and unknown" claims that "reasonably arise out of the acts alleged in the Action, which include all wage and hour claims under the FLSA and similar state and municipal laws governing lost wages . . . that were asserted or could have been asserted between December 27, 2018 and December 27, 2021." (Doc. 40-1 at 4). The agreement explicitly preserves plaintiffs' rights to bring any other claim against the Defendants unrelated to the unpaid overtime wages.

Courts have declined to preliminarily approve proposed settlements that require "releases that extend beyond FLSA claims, absent assurance that any plaintiff or opt-in plaintiff seeking advice and counsel regarding such a release, the claims they may be

releasing, and their value, will receive it." *Autrey*, 2021 WL 6335337, at *5. This settlement, however, expressly limits the release to those claims which could have been brought for the acts that gave rise to this FLSA action. The Court is therefore satisfied that the release provision, and all other provisions, are "fair and reasonable." *See Lynn's Food Stores*, 679 F.2d at 1355; *Hogan v. Allstate Beverage Co.*, 2021 WL 3008263, at *2 (M.D. Ala. July 15, 2021) (finding "no evidence of unfair and improper use of an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA" (alterations adopted) (quotations omitted)).

## IV. CONCLUSION

Upon consideration of the motion, and for good cause, it is

ORDERED that the joint motion for conditional certification, preliminary approval of collective action settlement, and distribution of notice (Doc. 40) is GRANTED.

Done this 6th day of September, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE