IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LANDON TAUNTON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:21-cv-844-ECM (WO) |
| v. | ) ) | |
| KORENS USA, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

This cause is before the Court on a Joint Motion for Final Approval of Collective

Action Settlement. (Doc. 54).  The parties ask the Court to approve an agreement settling

three plaintiffs' claims under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq.*, against defendants Korens USA, Inc. ("Korens") and One

Solutions, LLC ("One Solutions") (collectively, "the Defendants").  Plaintiff Landon

Taunton ("Taunton"), individually and on behalf of others, alleges that the Defendants did

not pay all overtime bonuses earned for work performed over a three-year period.  He seeks

compensatory damages, liquidated damages, attorney's fees, and costs.  The Court

previously granted the parties' joint motion for conditional certification, preliminary

approval of collective action settlement, and distribution of notice. *See Taunton v. Korens*

*USA, Inc.*, 2022 WL 4087504, at *3 (M.D. Ala. Sept. 6, 2022).  The parties now jointly

move this Court to grant final approval of their executed settlement agreement.  For the reasons that follow, the Court will GRANT the parties' joint motion.

## II.  JURISDICTION

The jurisdiction of the Court is properly invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.   Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  DISCUSSION

The FLSA authorizes a worker seeking unpaid compensation to bring a so-called "collective action" on behalf of himself and "similarly situated" workers with similar claims.  29 U.S.C. § 216(b); *see also Hogan v. Allstate Beverage Co.*, 2012 WL 6027748, at \*2 (M.D. Ala. Dec. 4, 2012).  Provisions of the FLSA "are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement" because "the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).  This action comes before the Court pursuant the second exception, which allows for settlement of claims for back wages under 29 U.S.C. § 216(b) if a court "scrutiniz[es] the settlement for fairness" and determines that it is a "fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013)

2

(vacating and remanding a district court judgment where the court approved a settlement of FLSA claims that was not stipulated by all parties); *Silva v. Miller*, 307 F. App'x 349, 352 (11th Cir. 2009) (determining that the district court had a duty to review a compromise agreement under the FLSA, including the reasonableness of attorney's fees, where the settlement amount represented full compensation but was reduced by the attorney's contingency fee). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In this case, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of overtime hours worked by the three plaintiffs.  Taunton filed this lawsuit alleging that the Defendants willfully violated the FLSA by failing to pay him overtime during the three-year period of his employment as a welder at the Korens plant. He sought backpay, compensatory damages, liquidated damages, attorney's fees, and costs. Two additional former Korens employees filed notices of consent seeking to join Taunton's lawsuit and pursue their claims collectively under the FLSA's collective-action mechanism.  The parties filed a joint motion for conditional class certification, and preliminary approval of their executed settlement agreement, proposed notice and consent forms, and the method of distribution. (Doc. 40).  The court granted the motion permitting the additional two former welders to join the lawsuit as plaintiffs.  In total, therefore, there are three plaintiffs who allege that the Defendants failed to pay them overtime in violation of the FLSA.  All plaintiffs allege they were previously employed by the Defendants as an

3

hourly-paid welder at some point between December 27, 2018, and December 27, 2021. Prior to opting to join the lawsuit and after being fully advised of the collective-action process and their rights and potential recovery, the plaintiffs signed consent forms agreeing to be bound by the terms of any settlement agreement.

The Defendants have agreed to pay settlement proceeds totaling $9,689.25 as follows:  backpay totaling $705.69 payable to Taunton; backpay totaling $281.77 payable to Tyrus Jones; and backpay totaling $201.79 payable to Ryan Thornburg.  The remaining $8,500.00 is to be paid to Class Counsel for representing the plaintiffs.  The backpay represents 100% of the plaintiffs' withheld overtime pay plus liquidated damages, and each plaintiff signed written acknowledgements confirming their approval of the settlement terms.  One half of the plaintiffs' payments will be designated as unpaid wages, and thus subject to employment taxes including income tax withholding.  The second half will be designated as liquidated damages, with no tax being withheld from this portion.

The attorney's fees and expenses were negotiated as an amount separate from plaintiffs' recoveries, which were calculated prior to settlement negotiations.  As the Court previously concluded, the attorneys' fees and costs are fair and reasonable. *See Taunton*, 2022 WL 4087504, at *3; *see also Walker v. U.S. Title Loans, Inc.*, 2011 WL 1789976, at *1 (M.D. Ala. May 10, 2011).

The Court previously found that the proposed FLSA settlement agreement represented "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.  Having again reviewed the case file,

4

the proposed settlement, the motions, and the relevant law, the Court finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

## IV.  CONCLUSION

Accordingly, and for good cause, it is

ORDERED that the parties' Joint Motion for Final Approval of Collective Action Settlement (Doc. 54) is GRANTED and the proposed settlement (Doc. 40-1) is APPROVED.  It is further

ORDERED this case is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  This Court retains jurisdiction over any matters necessary to enforce the settlement.

The Clerk of the Court is DIRECTED to close this case.

Done this 22nd day of December, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE